# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1338
_____

| | | |
|---|---|---|
| Eldon Bugg; Danny Bugg, | * | |
| | * | |
| Appellants, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Fleet Mortgage Group, Inc.; | * | [UNPUBLISHED] |
| Washington Mutual Home Loans, Inc., | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: October 31, 2003

Filed: November 5, 2003
_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.
_____

PER CURIAM.

Eldon and Danny Bugg appeal following the district court's[1] dismissal of their civil action pursuant to an oral settlement agreement reached after adverse partial grants of summary of judgment. We have carefully reviewed the record on appeal and conclude the district court did not clearly err in finding that Eldon and defendants reached an enforceable settlement of all Eldon's claims. See In re Airline Ticket

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

Comm'n Antitrust Litig., 268 F.3d 619, 624 (8th Cir. 2001) (findings concerning parties' intent in settlement agreements are reviewed for clear error); Stewart v. Prof'l Computer Ctrs., Inc., 148 F.3d 937, 939 (8th Cir. 1998) (binding settlement agreement requires objective manifestation of mutual assent, which may be inferred from external indications reflecting thoughts and intentions of parties); Worthy v. McKesson Corp., 756 F.2d 1370, 1371-73 (8th Cir. 1985) (per curiam) (oral settlement reached prior to preparation of formal settlement documents is enforceable). Thus, we do not consider the merits of Eldon's previously dismissed claims.

Danny, however, was not a party to the settlement agreement, and we review de novo the grant of summary judgment on his Real Estate Settlement Practices Act and negligence claims. See Melvin v. Yale Indus. Prods., Inc., 197 F.3d 944, 946-47 (8th Cir. 1999) (standard of review). We find dismissal of these claims was proper. These claims arose out of defendants' handling of a loan escrow account, and Eldon, not Danny, was the borrower in this matter. See 12 U.S.C. § 2605(f) ("[w]hoever fails to comply with any provision of this section shall be liable to the borrower for each such failure"); Allen v. Kuehnle, 92 S.W.3d 135, 142 (Mo. Ct. App. 2002) (elements of negligence claim include duty of care).

Accordingly, we affirm. See 8th Cir. R. 47B. We also deny the pending motion.

_____